**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Broadcast Music Incorporated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KCS Holdings LLC, et al., <br><br> Defendants. | No. CV-19-05481-PHX-DWL <br><br> **ORDER** |

This case was filed on October 23, 2019. (Doc. 1.) The Court has had no involvement in this case before now, aside from issuing its standard preliminary order. (Doc. 10.) On December 2, 2019, Plaintiffs filed notices that service had been executed as to each defendant. (Docs. 12, 13, 14.) No defendant filed a response to the complaint.

Pending before the Court is the parties' stipulation to entry of a consent judgment (Doc. 15), in which the parties request that the Court decree that "Plaintiff Broadcast Music, Inc. licenses the right of public performance, and the other Plaintiffs own the copyrights, in the following musical compositions: Ms. New Booty; We Fly High; Badd; and My Boo,"[1] that "Defendants have knowingly and willfully infringed the copyrights in these musical compositions," and that "Plaintiffs shall recover from Defendants KSC Holdings, LLC, Clinton T. Underhill, and Kimberly A. Underhill, jointly and severally, statutory damages in the amount of $78,000.00, pursuant to 17 U.S.C. § 504(c)(1)." (Doc. 15-1 at 1). The parties propose that the Court retain jurisdiction over this matter for

---

[1] The Court has no knowledge as to whether this is true and the parties' stipulation does not suffice to establish this as a fact warranting a court decree.

enforcement of the consent judgment. (Doc. 15-1 at 2.)

"A consent decree is no more than a settlement that contains an injunction." *Fed. Trade Comm'n v. Enforma Nat. Prod., Inc.*, 362 F.3d 1204, 1218 (9th Cir. 2004) (internal quotation marks and citation omitted). In contrast, "[w]hen the settlement involves no injunctive relief but simply the payment of money, the often-used term is 'consent judgment.'" Anthony DiSarro, *Six Decrees of Separation: Settlement Agreements and Consent Orders in Federal Civil Litigation*, 60 Am. U. L. Rev. 275, 277 n.2 (2010). In other words, a "consent judgment" is merely a run-of-the-mill monetary settlement that carries the full force of a court order. The order can be enforced through the Court's contempt power, *id.* at 277-88, and it ensures that the parties can return to federal court to enforce the settlement, *id.* at 293-95.

Where a consent decree includes non-monetary terms providing injunctive relief and the issuing court has been involved in the matter, the federal judge's familiarity with the case makes a return to federal court beneficial. *Id.* at 295. A consent judgment, on the other hand, merely involves the payment of money and "does not implicate any issues within the expertise of federal judges." *Id.*

Although it is true that a federal court *may* retain jurisdiction over a case that has settled, this is not the usual approach. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) ("[A]utomatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so."). Thus, "if parties wish to have a district court retain jurisdiction to enforce a settlement, they must apply for that relief and allow the court to make a reasoned determination as to whether retention is appropriate." *Cross Media Marketing Corp. v. Budget Marketing, Inc.*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004). A district court may "properly decline to retain jurisdiction where the administration of a settlement threatened to impose undue burdens on it." *Id. See also Camacho v. City of San Luis*, 359 Fed. App'x 794, 798 (9th Cir. 2009) ("[I]t was the court's prerogative not to retain jurisdiction over any disputes

raised by the [settlement].").

The Court has had no involvement in this case and perceives no reason to retain jurisdiction over the settlement by means of issuing a consent judgment. Of course the parties are free to enter into a private settlement contract and may stipulate to dismissal of the case, if they wish to do so.

Accordingly,

**IT IS ORDERED** that the parties' stipulation to entry of a consent judgment (Doc. 15) is denied.

Dated this 5th day of February, 2020.

Dominic W. Lanza
United States District Judge